KRAPF ET AL. *v.* ADAMS, INDIVIDUALLY AND AS EXECUTOR ET AL.

[No. 200, October Term, 1951.]

*Decided June 17, 1952.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *John M. Robb* for the appellants.

Submitted on brief by *F. Brooke Whiting* and *William A. Gunter* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Allegany County passed on January 31, 1952 dismissing a bill of complaint after hearing. The bill, filed on May 8, 1951, sought to set aside a deed executed by the appellants on December 18, 1934. The chancellor based his decision chiefly on the ground of laches.

Charles Krapf, a resident of Cumberland, evidently married a widow with one son sometime prior to 1907. On February 27, 1907 Charles Krapf conveyed to his wife, Mary Jane Krapf, an improved lot of real estate known as 243-245 Virginia Avenue. His stepson, Edward I. Krapf, was married about 1910 and had two sons, Charles E. Krapf and William F. Krapf, but separated from his wife, Matilda Krapf, when their elder son was about four years old, and the children came to live with their grandmother. Edward I. Krapf was

evidently divorced from his wife and died intestate a few years later. Mary Jane Krapf died intestate on November 14, 1933. It is conceded that upon her death title to the lot in question vested one-third in her husband Charles Krapf and one-third each in her grandchildren Charles E. Krapf and William F. Krapf.

By deed dated December 18, 1934 Charles E. Krapf and William F. Krapf, being then respectively twenty-three and twenty-one years of age, conveyed their interests in the lot to their stepgrandfather, Charles Krapf, for the sum of $1,000 each which was duly paid to them. There was testimony to show that at the time of the conveyance the property was worth $8,000. It is this deed that is under attack. Charles Krapf died on September 8, 1950, leaving a will and codicils thereto, whereby he bequeathed to his stepgrandchildren each the sum of $100, and left the lot in question to certain nephews and nieces. He also left Matilda E. Krapf, the mother of the appellants, all his household furniture and jewelry and a house and lot in Narrows Park in fee simple.

The appellants contend that their conveyance was made upon an inadequate consideration, that they relied upon their stepgrandfather, who stood in *loco parentis* to them. They contend that the parties stood in a confidential relation, and that on its face the transaction was unfair. The chancellor found as a fact that the appellants reposed confidence in the grantee, but found no evidence of fraud, misrepresentation, duress or undue influence. It may be noted that both of the appellants testified they knew at the time their interests in the property were worth more than they received. On the issue of unfairness, the chancellor adverted to the fact that the grantee had supported, maintained and educated the grantors from infancy until after they became of age and left his home in 1936. It was also shown that their mother, Matilda Krapf, lived with their stepgrandfather and was supported by him from 1936 until the time of his death.

We need not pass upon the question as to the fairness of the transaction under the circumstances, however, for we think laches is clearly shown. The appellants seek to justify a delay of sixteen years chiefly on the ground that they expected that the property would be devised to them, although it is conceded that there was no evidence of a promise to do so on the part of the deceased grantee. What was said in *Dorsey v. Stone*, 197 Md. 220, 223-224, 78 A. 2d 757, 759, is opposite here: "Plaintiffs waited until after Philip's death twenty-one years after Walter's death. It was suggested at the argument (not in the bill) that delay was excusable because of desire not to disturb pleasant relations with their bachelor uncle. On the facts shown in the bill, plaintiffs had to choose between hope of bounty and claim of right." The cases recognize that delay until after the death of a principal witness may call for the application of the doctrine. *Berman v. Leckner*, 193 Md. 177, 188, 66 A. 2d 392; *Mays v. Mays*, 176 Md. 159, 165, 4 A. 2d 121; *Weber v. Bien*, 143 Md. 561, 567, 123 A. 52. The rule was restated in *Kaufman v. Plitt*, 191 Md. 24, 28, 59 A. 2d 634, quoted in *Stoewer v. Porcelain Enamel Co.*, 199 Md. 146, 151-152, 85 A. 2d 911, 913. Since we hold that the claim is barred by laches, it is unnecessary to discuss the other points argued in the briefs.

*Order affirmed, with costs.*